IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESLEY EARL EVANS, | § | |
| TDCJ #241518, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1887 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

State inmate Wesley Earl Evans has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging state court convictions for aggravated sexual assault of a child in cause numbers 841705 and 841706.  The respondent has filed a motion for summary judgment, arguing that Evans is not entitled to federal habeas corpus relief.  (Docket Entry No. 12).  In response, Evans has filed objections and a cross-motion to dismiss his petition without prejudice.  (Docket Entry Nos. 13, 21).  After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case with prejudice for reasons set forth below.

## I.    BACKGROUND

Evans has a lengthy criminal history.  Evans pleaded guilty on December 10, 1969, in state court cause number 143676 to felony charges of communicating a false fire alarm.  Evans pleaded guilty again on December 7, 1971, in cause number 153075, to felony theft

charges.   Subsequently, a jury found Evans guilty on July 19, 1974, of committing aggravated robbery.  Evans's indictment in the aggravated robbery case was enhanced for purposes of punishment with his prior felony convictions from 1969 and 1971.  Evans ultimately received a sentence of life imprisonment for his aggravated robbery conviction.

Eventually, Evans was released from prison onto parole.  On April 13, 2000, a grand jury in Harris County, Texas, returned two separate indictments against Evans for aggravated sexual assault of a child in cause numbers 841705 and 841706.  The State enhanced both indictments with allegations that Evans had prior felony convictions in 1969, 1971, and 1974. On November 9, 2001, a jury in the 351st District Court of Harris County, Texas, found Evans guilty as charged of aggravated sexual assault in both cases, following a joint trial.  Evans received a sixty-year prison sentence in each case.  The convictions were affirmed on direct appeal.  *See Evans v. State of Texas,* Nos. 11-02-0019-CR & 11-02-0020 (Tex. App.— Eastland Aug. 29, 2002).  The Texas Court of Criminal Appeals refused Evans's petition for discretionary review on January 15, 2003.

Evans filed the pending federal habeas corpus petition on May 21, 2005, to challenge his conviction for aggravated sexual assault in cause numbers 841705 and 841706.[1]  In that

---

[1]     The Clerk's Office received the federal habeas corpus petition for filing on May 27, 2005, but the pleadings are dated May 21, 2005.  Courts in this circuit generally treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).

petition and supporting memorandum of law, Evans contends that he is entitled to federal habeas corpus relief for the following reasons: (1) the State used "void defective prior convictions" to enhance his punishment; (2) because the prior convictions had been used previously to enhance punishment in another conviction, the "double use" of these prior convictions violates the Constitution; and (3) he was denied effective assistance of counsel because his lawyer failed to inquire as to the validity of his prior felony convictions or to object to the "double use" of the enhancement allegations.

The respondent argues that any challenge to the validity of prior convictions that were used to enhance his punishment for aggravated sexual assault is barred by the governing one-year statute of limitations.   The respondent argues further that Evans's claims are without merit.  Evans does not dispute that his challenge to the enhancement convictions is untimely. Likewise, Evans makes no reply to the respondent's remaining arguments about his petition's overall lack of merit.  Instead, Evans asks the Court to dismiss his petition "without prejudice" on the grounds that the Texas Court of Criminal Appeals has failed to afford a "full and fair" review of his claims.  The parties' contentions are discussed below under the governing standard of review, beginning with the petitioner's motion.

## II.   PETITIONER'S MOTION TO DISMISS

Evans has filed a motion to dismiss his petition without prejudice in which he asks this Court to remand his case to the Texas courts with specific instructions to enter a ruling on each of his claims.  (Docket Entry No. 21).  Evans insists that a dismissal without prejudice is appropriate because the Texas Court of Criminal Appeals denied relief on his

3

claims during state habeas corpus review without an evidentiary hearing and without a written order or opinion. By failing to give a "meritorious ruling on each and every issue raised" in his petitions, Evans maintains that the Texas courts have failed to provide him with a "full and fair" opportunity to litigate his claims on state habeas corpus review.

Evans argues that, without a written order or ruling on every issue raised by him on state habeas corpus review, his claims have not been adjudicated on the merits and that they are therefore unexhausted. Evans is incorrect. As a matter of law, a denial of relief by the Court of Criminal Appeals serves as an adjudication on the merits of the claim. *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir.) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)), *cert. denied*, 531 U.S. 849 (2000). Thus, Evans's claims are not unexhausted merely because they were denied without a written order.

The respondent has already filed a responsive pleading and copies of Evans's state court records. Even assuming that Evans's claims are unexhausted, this Court may deny his petition on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *Neville v. Dretke*, 423 F.3d 474, 482 (5th Cir. 2005). Evans fails to show that his petition is unexhausted for purposes of federal habeas corpus review or that a dismissal without prejudice is warranted under the circumstances. Therefore, his motion to dismiss is denied.

## III.   **RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

The respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. In deciding a motion for summary judgment under Rule 56, a

court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). A movant's burden is to point out the absence of evidence supporting the nonmovant's case. *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)). To survive summary judgment, the nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action. *Id.* (citing *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 349 (5th Cir. 2001)).

An issue is material if its resolution could affect the outcome of the action. *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Hotard v. State Farm Fire & Cas. Co.*, 286 F.3d 814, 817 (5th Cir. 2002). However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy – that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).

The petitioner proceeds *pro se* in this case. Courts construe pleadings filed by *pro*

*se* litigants under a less stringent standard than those drafted by attorneys.  *See Haines v. Kerner*, 404 U.S. 519 (1972); *see also Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999) ("[I]n this circuit *pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as are pleadings filed by lawyers.").  Pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them.  *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)).  Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion.  *See Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

## IV.   ONE-YEAR STATUTE OF LIMITATIONS

At the outset, the respondent argues that any challenge by Evans to the validity of prior convictions that were used to enhance his punishment in the primary case (the aggravated sexual assault charges in cause numbers 841705 and 841706) is time-barred. According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d).  The one-year statute of limitations applies to all federal habeas corpus petitions filed after the AEDPA's effective date of April 24, 1996.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).  Because the pending habeas corpus petition was filed well after

April 24, 1996, the one-year limitations period clearly applies.  *See Hughes v. Dretke*, 412 F.3d 582, 588 (5th Cir. 2005).

The aggravated sexual assault indictments against Evans in cause numbers 841705 and 841706 were enhanced for purposes of punishment under the Texas habitual offender statute with three prior convictions from 1969, 1971, and 1974.  Evans complains that the convictions entered against him in 1971 and 1974 were invalid for various reasons and could not be used to enhance his punishment in cause numbers 841705 and 841706.  Evans alleges further that his prior convictions from 1969 and 1971 could not be used twice to enhance the punishment that he received for aggravated robbery in 1974 and for aggravated sexual assault in 2001.

When a petitioner challenges the validity of a state court conviction, the statute of limitations for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  To the extent that Evans challenges the validity of his prior felony convictions from 1969, 1971, and 1974, all three became final well before the AEDPA's effective date of April 24, 1996.  Habeas petitioners whose convictions became final before the AEDPA's effective date on April 24, 1996, were afforded a one-year grace period to file their claims for relief in federal court.  *See United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999) (discussing a habeas corpus application filed under 28 U.S.C. § 2255).  Therefore, Evans had until April 24, 1997, to file a federal writ to challenge his prior felony convictions.  *See Coleman v. Johnson*, 184 F.3d

7

398, 401 (5th Cir. 1999) (citing *Flanagan*, 154 F.3d at 201-02).  Evans's pending petition, filed on May 21, 2005, is late by more than eight years.  Therefore, Evans's claims concerning the validity of his prior felony convictions are time-barred unless an exception applies.

### A.     Statutory Tolling

Evans has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner.  *See* 28 U.S.C. § 2244(d)(1)(B).  Further, the petition is neither based upon a newly recognized constitutional right, nor a factual predicate that could not have been discovered previously if the petitioner had acted with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(C), (D).  Likewise, the state court records do not establish that he properly filed an application for state habeas corpus or other collateral review in such a manner as to toll the limitations period under 28 U.S.C. § 2244(d)(2).  Therefore, there is no statutory basis to save the petitioner's late-filed claims concerning his prior felony convictions.

### B.     Equitable Tolling

The statute of limitations for federal habeas corpus review may be equitably tolled at the district court's discretion where "exceptional circumstances" are present.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000).  The prior felony convictions that Evans seeks to challenge were entered against him in 1969, 1971, and 1974.  They became final long ago and Evans offers no reason whatsoever for his failure to diligently pursue federal habeas corpus review.

Although Evans proceeds *pro se*, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher,* 174 F.3d at 714; *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling). Evans presents no basis to toll the statute of limitations. Indeed, Evans does not dispute the respondent's argument that his challenge to these prior felony convictions is untimely. Under these circumstances, Evans does not establish that he fits within those "rare and exceptional" conditions which warrant equitable tolling of the limitations period that Congress has provided. *See Felder*, 204 F.3d at 173. Absent any viable basis for tolling, Evans's attempt to challenge the validity of his prior felony convictions from 1969, 1971, and 1974, is barred by the applicable one-year limitations period. Alternatively, the Court concludes that Evans is not entitled to federal habeas corpus relief for other reasons considered briefly below.

## V.    THE CLAIMS ARE WITHOUT MERIT

As noted above, Evans contends that he is entitled to federal habeas corpus relief from the 2001 aggravated sexual assault convictions entered against him in cause numbers 841705 and 841706 for the following reasons: (1) the State used "void defective prior convictions" to enhance his punishment; (2) because the prior convictions had been used previously to

enhance punishment in another conviction, the "double use" of these prior convictions violates the Constitution; and (3) he was denied effective assistance of counsel at trial and on direct appeal because his lawyers did failed to investigate the validity of his prior felony convictions or to object to their "double use" as sentence enhancements.  The respondent argues that these claims are without merit and do not warrant federal habeas corpus relief.

## A.    Federal Habeas Corpus Review

The Court pauses briefly to consider the standard for federal habeas corpus review. The federal writ of habeas corpus is an extraordinary remedy, which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3), 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). As noted previously, the pending federal habeas corpus petition is governed by the AEDPA. *See Lindh*, 521 U.S. at 336 (holding that the AEDPA applies to those habeas corpus petitions filed after its effective date of April 24, 1996).  Embodying the principles of federalism, comity, and finality of judgments, the AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 532 U.S. 1067 (2001). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S.

10

685, 693 (2002).

The claims that Evans raises were not presented on direct appeal.  Evans alleges that his claims were raised on state habeas corpus review, but that they were denied by the Texas Court of Criminal Appeals without a written order.  As observed previously, a denial of relief by the Court of Criminal Appeals serves as an adjudication on the merits of the claim.  *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir.) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)), *cert. denied*, 531 U.S. 849 (2000); *see also Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (noting that, under Texas law, a denial of relief rather than a dismissal of the claim by the Court of Criminal Appeals disposes of the merits of a claim). Accordingly, the federal habeas corpus standard of review, as amended by the AEDPA, applies to the petitioner's claims as long as they were adjudicated on the merits and not dismissed for procedural reasons.[2]  *See Haley v. Cockrell*, 306 F.3d 257, 263 (5th Cir. 2002) (citing *Valdez v. Cockrell*, 274 F.3d 941, 946-48 (5th Cir. 2001)); *see also Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999) (concluding that when a state habeas corpus court rejects a petitioner's claim on procedural grounds, there has not been an "adjudication on the merits" as contemplated by the AEDPA).

---

[2]     Additionally, pre-AEDPA precedent forecloses habeas corpus relief if any of the following circumstances are present: (1) the claim is barred as a consequence of the petitioner's failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722 (1991); (2) the claim seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288 (1989); or (3) the claim asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

The provisions of 28 U.S.C. § 2254(d), as amended by the AEDPA, set forth a "highly deferential standard for evaluating state-court rulings, . . . , which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted).  For claims adjudicated on the merits, the AEDPA's amendments provide that a petitioner is not entitled to relief unless the state court's adjudication:

1.      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Courts are to review pure questions of law and mixed questions of law and fact under § 2254(d)(1).  *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 534 U.S. 885 (2001).  Under the first ("contrary to") clause, a federal district court may grant habeas relief only if the state court decided a case differently from how the United States Supreme Court decided a case on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the second ("unreasonable application") clause, a court may grant habeas relief only if the state court correctly divined a legal principle from the Supreme Court's jurisprudence, but misapplied that principle to the facts.[3]  *See id*.

---

[3]      A federal habeas corpus court's inquiry is not altered where the state court denies relief without a written opinion.  *See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003).  For such a situation, a reviewing court (1) assumes that the state court applied the proper "clearly established Federal law"; and (2) then determines whether its decision was "contrary to" or

(continued...)

Section 2254(d)(2) governs pure questions of fact. *See Moore v. Johnson*, 225 F.3d 495, 501, 504 (5th Cir. 2000). Under this subsection, federal courts must give deference to state court findings of fact unless they are based on an unreasonable interpretation of the evidence presented in the state court proceeding. *See Brewer v. Dretke*, 410 F.3d 773, 775 (5th Cir. 2005) (citing *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000) (as modified on denial of rehearing)). In addition, any factual findings made by the state court in deciding a petitioner's claims are presumed correct under 28 U.S.C. § 2254(e)(1), unless the petitioner rebuts those findings with "clear and convincing evidence to the contrary." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002).

The burden is on the petitioner to show that he is entitled to relief under the highly deferential AEDPA framework. *See DiLosa v. Cain*, 279 F.3d 259, 262 (5th Cir. 2002). Evans has presented a memorandum in support of his petition, but other than making conclusory reference to the Fourteenth Amendment he makes no clear effort to demonstrate how he merits relief under established Supreme Court precedent or the AEDPA standard found in § 2254(d). For this reason alone, Evans fails to establish that he is entitled to federal habeas corpus relief.[4] Evans's claims are reviewed briefly below in light of the

---

[3] (...continued)
    "an objectively unreasonable application of" that law. *Id.* (citing *Catalan v. Cockrell*, 315 F.3d 491, 493 & n.3 (5th Cir. 2002)).

[4]     As the state court records show, Evans has filed numerous state habeas corpus applications to challenge various aspects of his 1969, 1971, and 1974 convictions. The first three applications were denied without a written order. *See Ex parte Evans*, Nos. 5991-01, 5991-02, and 5991-03. The next three were dismissed as an abuse of the writ. *See Ex parte Evans*, (continued...)

applicable law.

### B.    Validity of the Enhancement Convictions

According to the memorandum filed in support of the petition, Evans argues that the trial court erred by allowing his conviction for aggravated sexual assault in cause numbers 841705 and 841706, because those indictments were improperly enhanced with prior felony convictions from 1971 (theft) and 1974 (aggravated robbery).  In particular, Evans argues that his 1971 indictment for theft failed to allege a "culpable mental state."  Because the 1971 indictment was defective, Evans reasons that his 1974 conviction for aggravated robbery was also tainted because it was enhanced with the "void" prior felony conviction from 1971.  Evans argues further that the jury instructions used in his 1974 trial for aggravated robbery were defective.  Evans maintains that, because both the 1971 and 1974 convictions were "void," neither one could be used to enhance his punishment for the offense of aggravated sexual assault in cause numbers 841705 and 841706.

The respondent correctly notes that Evans's claims concerning the validity of his enhancement convictions are not cognizable on federal habeas corpus review.  In that regard, the Supreme Court has held that federal habeas corpus relief is not available to challenge a

---

[4](...continued)

Nos. 5991-04, 5991-05, and 5991-06.  The respondent has advised that records of Evans's most recent state habeas corpus proceedings before the Texas Court of Criminal Appeals are not yet available.  *See Ex parte Evans*, Nos. 5991-07 and 5991-08.  To the extent that there is any doubt about whether the substance of Evans's claims were properly exhausted on state habeas corpus review, and thus adjudicated on the merits for purposes of the AEDPA, the Court concludes that Evans fails to show that federal habeas corpus relief is warranted under the AEDPA and pre-AEDPA standards as well.

14

current sentence on the ground that it was enhanced with an allegedly unconstitutional prior conviction.  *See Lackawanna County Dist. Attorney, v. Coss*, 532 U.S. 394, 396-97 (2001). Alternatively, the challenges that Evans attempts to raise to his prior felony convictions from 1971 and 1974 are without merit for reasons noted briefly below.

### 1.    The 1971 Theft Conviction

Evans points to a copy of his indictment for theft and complains that it failed to allege a culpable mental state.  The indictment in dispute alleged that Evans, "on or about the 3rd day of June, A.D. 1970, in [Harris County, Texas], did fraudulently take and steal one automobile . . . from the possession of the said owner, without the consent of the said owner, and *with the intent then and there to deprive* the said owner of the value of the same, and to appropriate it to the use and benefit of the said [Wesley Earl Evans]."[5] (Docket Entry No. 2, Exhibit) (emphasis added).  Evans faults the indictment because it fails to allege the words "intentionally and knowingly."

A person commits the offense of theft in Texas if he "unlawfully appropriates property with intent to deprive the owner of property."  TEX. PENAL CODE § 31.03(a).  The indictment clearly states that property belonging to another was taken "with the intent then and there to deprive" the owner of it.  Evans does not cite any authority in support of his argument that the indictment, as set forth above, was insufficient to charge the offense of

---

[5]      The indictment presented by the petitioner, Wesley Earl Evans, is for a man named "Wesley Earl Johnson."  Evans does not explain the difference in the names, but he insists that this  is the indictment that was returned against him in 1971 for theft in cause number 153075.  State court records clarify that Wesley Earl Johnson was an alias used by Wesley Earl Evans.

theft under Texas law at the time.  The Texas Court of Criminal Appeals has upheld the

sufficiency of a theft indictment using similar language.  *See, e.g., Cantwell v. State*, 493

S.W.2d 242, 243 (Tex. Crim. App. 1973) (discussing an offense of burglary with intent to

commit theft).  Therefore, he fails to demonstrate that the indictment was fundamentally

defective or that his 1971 theft conviction was void.  Because Evans does not demonstrate

that his 1971 conviction was void, he further fails to show that his 1974 conviction for

aggravated robbery was enhanced with a void prior felony conviction.  Evans is not entitled

to federal habeas corpus relief on this issue.

### 2.    The 1974 Aggravated Robbery Conviction

Evans argues further that his 1974 conviction for aggravated robbery was void

because the jury charge failed to reference an element of the offense.  The aggravated

robbery indictment against Evans alleged that, on or about January 19, 1974, he "did then

and there unlawfully while in the course of committing theft of money, owned by Wayne

Stephens, hereafter styled the Complainant, and with intent to obtain and maintain control

of the property intentionally and knowingly threaten and place the Complainant in fear of

imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a

pistol."  Evans objects that the jury instructions present a different "theory" from the

indictment, and he points to the following paragraph:

> Now if you find from the evidence beyond a reasonable doubt that on
> or about the 19th day of January, A.D. 1974, in Harris County, Texas, the
> defendant, Wesley Earl Evans, did, without the effective consent of Wayne
> Stephens, the owner, take and exercise control over the corporeal personal
> property of Wayne Stephens, to-wit, money, from the possession of Wayne

16

Stephens, with intent then and there to deprive Wayne Stephens of said money, intentionally and knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you so find, the defendant used or exhibited a deadly weapon, to-wit, a pistol, then you will find the defendant guilty of aggravated robbery as charged in the Indictment[.]

Pointing to the variance between the indictment and the jury instructions, Evans argues that his conviction is void because the jury instructions do not require the jury to find that the robbery offense was committed "while in the course of committing theft."

The petitioner's memorandum cites two cases in support of his claim, *Ivory v. State*, 632 S.W.2d 614 (Tex. Crim. App. 1982) and *Larry Evans v. State*, 606 S.W.2d 880 (Tex. Crim. App. 1980). In *Ivory*, the Texas Court of Criminal Appeals found that fundamental error required a reversal where the defendant was charged with the aggravated robbery of one individual, but convicted of robbing another individual. *See Ivory*, 632 S.W.2d at 615. The petitioner fails to show that he suffered the same type of error at issue in *Ivory* or that the decision in *Ivory* otherwise supports his claim for relief.

In *Evans*, the Texas Court of Criminal Appeals held that the jury instructions were defective in that aggravated robbery case where the instructions failed to require the jury to find that property was taken without the effective consent of the owner during the course of committing a theft. *See Evans*, 606 S.W.2d at 882. The *Evans* case is of no aid to the petitioner, however, as it was subsequently reversed by the Texas Court of Criminal Appeals. *See Woods v. State*, 653 S.W.2d 1 (Tex. Crim. App. 1982). Jury instructions are valid in an aggravated robbery case as long as it is alleged, proven, and found that the defendant

17

intentionally or knowingly placed the owner in fear of imminent bodily injury or death in the course of a taking.  *See Woods*, 653 S.W.2d at 5; *Todd v. State*, 661 S.W.2d 116 (Tex. Crim. App. 1983).  Evans does not contest that these elements were satisfied in his case.  Thus, Evans fails to show that his jury instructions were deficient as a matter of law or that he is entitled to federal habeas corpus relief on this issue.

### C.    "Double Use" of Prior Convictions to Enhance Punishment

Evans complains that, because the 1969 and 1971 felony convictions were used to enhance the punishment that he received as the result of his aggravated robbery conviction in 1974, these same prior convictions could not be used again to enhance his punishment for aggravated sexual assault in cause numbers 841705 and 841706.  Evans argues, therefore, that the "double use" of these prior felony convictions violates the prohibition against being placed in double jeopardy.  This claim is without merit.

The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. CONST. AMEND. V.  This clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.  *See United States v. Dixon*, 509 U.S. 688, 695-96 (1993).  In the multiple-punishment context, the Double Jeopardy Clause protects only against the imposition of multiple criminal punishments for the same offense.  *See Hudson v. United States*, 522 U.S. 93 (1997).

The Supreme Court has explained that "[a]n enhanced sentence imposed on a

18

persistent offender 'is not to be viewed as either a new jeopardy or an additional penalty for the earlier crimes' but as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'" *Monge v. California*, 524 U.S. 721, 728 (1998) (quoting *Gryger v. Burke*, 334 U.S. 728, 732 (1948)).   Under the Texas habitual offender statute, "the prior conviction is used only for enhancement of the sentence, not as an element of the subsequent crime." *Sudds v. Monge*, 696 F.2d 415, 417 (5th Cir. 1983). Thus, it is settled that the Texas statutory scheme for enhancing punishment with prior felony convictions "does not violate the prohibition against double jeopardy." *Id.* (citing *Woodard v. Beto*, 447 F.2d 103 (5th Cir.), *cert. denied*, 404 U.S. 957 (1971)).   Because Evans fails to show that his prior felony convictions were used to enhance his punishment in violation of the Double Jeopardy Clause, he is not entitled to federal habeas corpus relief on this issue.

### D.    Ineffective Assistance of Counsel

Evans argues that he was denied effective assistance of counsel at his trial for aggravated sexual assault in cause numbers 841705 and 841706, and on direct appeal from those convictions, because his attorneys failed to do the following: (1) to make an independent investigation of the prior felony convictions that were included in the indictment as enhancement allegations; and (2) to object or make a motion to suppress the use of the 1971 prior felony conviction, which had already been used to enhance the punishment in his 1974 aggravated robbery case.

Claims for ineffective assistance of counsel are analyzed under the well-settled

19

standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel, the petitioner must demonstrate both that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland*, 466 U.S. at 687. To show deficient performance, he must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997) (citing *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993), *cert. denied*, 509 U.S. 921 (1993)). Performance is prejudicial only if, but for counsel's errors, there is a reasonable probability that the final result would have been different and confidence in the reliability of the verdict has been undermined. *See Leal v. Dretke*, 428 F.3d 543, 548 (5th Cir. 2005) (citing *Little v. Johnson*, 162 F.3d 855, 860-61 (5th Cir. 1998)). Failure to prove either prong will defeat an ineffective assistance claim. *See id*. (citing *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998)).

Complaints of ineffective assistance on appeal are also governed by the *Strickland* standard; that is, to establish that appellate counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover non-frivolous issues and raise them. *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

Counsel need not raise every nonfrivolous ground of appeal, but should instead present "[s]olid, meritorious arguments based on directly controlling precedent." *Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003) (citing *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999)). If he succeeds in showing a deficiency, a petitioner then must demonstrate that he was actually prejudiced by his counsel's errors. *See Robbins*, 528 U.S. at 285-86 (noting that, where, as here, the defendant has received appellate counsel, there is no reason to presume the defendant has been prejudiced); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). To establish actual prejudice, the defendant must show a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on appeal." *See Robbins*, 528 U.S. at 285.

Evans, who has argued that the 1971 and the 1974 convictions were void, complains that his trial and appellate counsel failed to investigate the validity of these prior felony convictions for purposes of enhancing his punishment. For reasons discussed above, the petitioner has failed to demonstrate that any of his prior felony convictions were void. Likewise, the petitioner has failed to show that the "double use" of his prior felony convictions was improper. In that respect, Evans has failed to demonstrate that his trial and appellate lawyers had valid objections or arguments to raise on the issues that he presents here. Absent a showing that one or more of his prior felony convictions were void, or that their "double use" was prohibited for purposes of enhancing his punishment, Evans has failed to demonstrate that his trial and appellate attorneys provided deficient representation. Without a showing of deficient performance, Evans has failed to make out a valid claim for

21

ineffective assistance of counsel at his trial or his appeal.  It follows that Evans is not entitled

to federal habeas corpus relief on this issue.

## VI.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA,

codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an

appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that

actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability),

*cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional

prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues

a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'"

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a

petitioner to demonstrate "that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 124 S.

Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the

controlling standard, this requires a petitioner to show "that reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were 'adequate to deserve encouragement to proceed

further.'"  *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds,

the petitioner must show not only that "jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim for the denial of a constitutional right.  Accordingly, a certificate of appealability will not issue in this case.

## VII.   CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1.    The respondent's motion for summary judgment (Docket Entry No. 12) is **GRANTED**.

2.    The petitioner's motion to dismiss without prejudice (Docket Entry No. 21) is **DENIED**.

3.    This federal habeas corpus proceeding is **DISMISSED** with prejudice.

4.    A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on **January 31, 2006.**

Nancy F. Atlas
United States District Judge